PER CURIAM.
The Juvenile Rules Committee of The Florida Bar petitions this Court to amend and adopt changes to the Florida Rules of Juvenile Procedure. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The Committee has proposed a new section to rule 8.090 (speedy trial), which implements proposed changes to rule 8.095 (procedure when child believed to be incompetent) which is currently before this Court, In Re Amendments to the Fla. Rules of Juvenile Procedure, No. 83,165; proposed new rule 8.227 (permanent mailing address), which implements changes passed by the legislature during the 1994 session to section 39.4057 of the Florida Statutes; and proposed an amendment to rule 8.415 (judicial review hearings), to implement additional 1994 legislative changes to sections 39.451, 39.452, and 39.453, of the Florida Statutes. The proposed amendments and the addition were unanimously endorsed by the Board of Governors of The Florida Bar. We approve the amendments and the addition. Appended is the text of the amended portions of the rules. Underscoring indicates new language; strike-through type indicates deletions. The committee notes are included for explanation and guidance only and are not adopted as an official part of the rules. These rules shall take effect upon the release of this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
RULE 8.090 SPEEDY TRIAL
(a) Time. If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
(b) Dismissal. If an adjudicatory hearing has not commenced within 90 days, upon motion timely filed with the court and served upon the prosecuting attorney, the respondent shall be entitled to the appropriate remedy as set forth in subdivision (j-k). The court before granting such motion shall make the required inquiry under subdivision (d).
(c) Commencement. A child shall be deemed to have been brought to trial if the adjudicatory hearing begins before the court within the time provided.
(d) Motion to Dismiss. If the adjudicatory hearing is not commenced within the periods of time established, the respondent shall be entitled to the appropriate remedy as set forth in subdivision (jk) unless any of the following situations exist:
(1) The child has voluntarily waived the right to speedy trial.
(2) An extension of time has been ordered under subdivision (@f).
(3) The failure to hold an adjudicatory hearing is attributable to the child, a corespondent in the same adjudicatory hearing, or their counsel.
(4) The child was unavailable for the adjudicatory hearing. A child is unavailable if:
(A) the child or the child’s counsel fails to attend a proceeding when their presence is required; or
(B) the child or the child’s counsel is not ready for the adjudicatory hearing on the date it is scheduled.
*116 No presumption of nonavailability attaches, but if the state objects to dismissal and presents any evidence tending to show nonavailability, the child must, by competent proof, establish availability during the term.
(5) The demand referred to in subdivision (fg) is invalid.
(6) If the court finds dismissal is not appropriate, the pending motion to dismiss shall be denied, and an adjudicatory hearing shall commence within 90 days of a written or recorded order of denial.
(e) Incompetency of Child. Upon the filing of a motion to declare the child incompetent, the speedy trial period shall be tolled until a subsequent finding of the court that the child is competent to proceed.
(ef) Extension of Time. The period of time established by subdivision (a) may be extended as follows:
(1) Upon stipulation, announced to the court or signed by the child or the child’s counsel and the state.
(2) By written or recorded order of the court on the court’s own motion or motion by either party in exceptional circumstances. The order extending the period shall recite the reasons for the extension and the length of the extension. Exceptional circumstances are those which require an extension as a matter of substantial justice to the child or the state or both. Such circumstances include:
(A) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial;
(B) a showing by the state that the case is so unusual and so complex, due to the number of respondents or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule;
(C) a showing by the state that specific evidence or testimony is not available, despite diligent efforts to secure it, but will become available at a later time;
(D) a showing by the child or the state of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial;
(E) a showing that a delay is necessary to accommodate a co-respondent, where there is a reason not to sever the cases in order to proceed promptly with trial of the respondent; or
(F) a showing by the state that the child has caused major delay or disruption of preparation or proceedings, such as by preventing the attendance of witnesses or otherwise. Exceptional circumstances shall not include general congestion of the court’s docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
(3)By written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including, but not limited to, an examination and hearing to determine the mental competency or physical ability of the respondent to stand trial for hearings or pretrial motions, for appeals by the state, and for adjudicatory hearings of other pending charges against the child.
(fg) Speedy Trial Upon Demand. Except as otherwise provided by this rule and subject to the limitations imposed by subdivision (gh), the child shall have the right to demand a trial within 60 days, by written demand for speedy trial filed with the court and service upon the prosecuting attorney.
(1) No later than 5 days from the filing of a demand for speedy trial, the court shall set the matter for report, with notice to all parties, for the express purposes of announcing in open court receipt of the demand and of setting the case for trial.
(2) At the report the court shall set the case for trial to commence at a date no less than 5 days nor more than 45 days from the date of the report.
(3) The failure of the court to hold such a report date on a demand which has been properly filed shall not interrupt the running of any time periods under this subdivision (fg).
*117 (4) In the event that the child shall not have been brought to trial within 50 days of the filing of the demand, the child shall have the right to the appropriate remedy as set forth in subdivision (jk).
(gh) Demand for Speedy Trial; Effect. A demand for speedy trial shall be deemed a pleading by the respondent that he or she is available for the adjudicatory hearing, has diligently investigated the case, and is prepared or will be prepared for the adjudicatory hearing within 5 days. A demand may not be withdrawn by the child except on order of the court, with consent of the state, or on good cause shown. Good cause for continuance or delay on behalf of the accused shall not thereafter include nonreadiness for the adjudicatory hearing, except as to matters which may arise after the demand for the adjudicatory hearing is filed and which could not reasonably have been anticipated by the accused or defense counsel.
(hi) Dismissal After Demand. If an adjudicatory hearing has not commenced within 50 days after a demand for speedy trial, upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney, the child shall have the right to the appropriate remedy as set forth in subdivision (jk), provided the court has made the required inquiry under subdivision (d).
(ij) Effect of Mistrial, Appeal, or Order of New Trial. A child who is to be tried again or whose adjudicatory hearing has been delayed by an appeal by the state or the respondent shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the respondent, whichever is last. If the child is not brought to trial within the prescribed time periods, the child shall be entitled to the appropriate remedy as set forth in subdivision (jk).
(jk) Remedy for Failure to Try Respondent Within the Specified Time.
(1) No remedy shall be granted to any respondent under this rule until the court shall have made the required inquiry under subdivision (d).
(2) The respondent may, at any time after the expiration of the prescribed time period, file a motion for discharge. Upon filing the motion the respondent shall simultaneously file a notice of hearing. The motion for discharge and, its notice of hearing shall be served upon the prosecuting attorney.
(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the respondent be brought to trial within 10 days. If the respondent is not brought to trial within the 10-day period through no fault of the respondent, the respondent shall be forever discharged from the crime.
Committee Notes
1991 Amendment. <jk)(2) This rule requires a notice of hearing at the time of filing the motion for discharge to ensure that the child’s motion is heard in a timely manner. A dissenting opinion in the committee was that this change does not protect the child’s rights but merely ensures that the case is not dismissed because of clerical error.
RULE 8.227 PERMANENT MAILING ADDRESS
Upon the first appearance before the court, each party shall provide a permanent mailing address to the court. The court shall advise each party that this address will be used by the court and the petitioner for notice purposes unless and until the party notifies the court and the petitioner in writing of a new address.
Committee Note
1994 Adoption. This rule is not intended to alter provisions that allow service on a party through that party’s attorney.
RULE 8.415 JUDICIAL REVIEW OF CHILDREN IN FOSTER CARE
(a) Required Review. Children in foster care shall have their status reviewed as provided by law.
*118 (b) Scheduling Hearings.
(1) If the child is placed in foster care pursuant to a court order at a disposition hearing, the court shall determine when the first review hearing shall be held and the clerk of the court shall immediately schedule the review hearing. In no case shall the hearing be scheduled for later than 6 months from the date of placement. In every case, the court must conduct a .judicial review at least every 12 months.
(2) In all other cases where a child is in foster care, proceedings for judicial review shall be initiated by the filing of a supplemental petition for judicial review by the Department of Health and Rehabilitative Services. Upon filing of said petition, the clerk of the court shall immediately schedule the review hearing.
(c) Petition and Report.
(1) Petition. In all cases, including those in which a foster care review hearing has already been scheduled by the court or clerk, the department shall prepare a petition to which a copy of the report shall be attached. The petition shall allege facts showing the court to have jurisdiction of the cause as a dependency case. It shall contain allegations as to the identity and residence of the parent and custodian, if known, the dates of the original dependency adjudication and any subsequent judicial review proceedings, and a request for one of the following forms of relief:
(A) that the child be continued in foster care;
(B) that the child be placed in the custody of a parent, guardian, relative, or former custodian;
(C) that the child be placed in the custody of a relative, guardian, or other custodian willing to care for the child;
(D) that the performance- ■agreementcase plan be continued to permit the parents, guardian, custodian, or social service agency time to complete the tasks assigned to them in the agreement; or
(E) that proceedings be instituted to terminate parental rights and legally free the child for adoption.
(2) Report. The department shall prepare a report, as required by law. Said report shall be signed by the attorney representing the department.
(d) Service. A copy of the petition, report, and recommendations and a notice of review hearing shall be served on all persons who are required by law to be served prior to the judicial review hearing.
(e) Court Action.
(1) The court shall hold a hearing to review the compliance of the parties with the mine what assigned tasks were and were not accomplished and the reasons for their nonachievement.
(2) If the court finds that the parents have substantially complied with the performance agreementcase plan, the court shall return the child to the custody of the natural parents on — expiration—of—fee—performance agreements the court is satisfied that reunification will not be detrimental to the child’s safety or well-being.
(3) If the court finds the social service agency has not complied with its obligations, the court may find the social service agency to be in contempt, shall order the social service agency to submit its plan for compliance with the agreementplan, and shall require the social service agency to show why the child should not be returned immediately to the home of the parents or legal guardian. If the court finds that the child should not be returned immediately to the natural parents or legal guardian, it shall extend the performance agreementcase plan for a period of not more than 6 months to allow the social service agency to comply with its obligations
(4) If, at any judicial review hearing, regardless of the expiration of the performance agreementcase plan, the court finds that the parents have not substantially complied with the performance agreementcase plan and the child is not returned to the physical custody of the natural parents, the court shalhnay order the social service agency to initiate a termination of parental rights proceeding. If the court finds that an order initiating a termination of parental rights proceeding *119 would not be in the child’s best interests; that the parents in good faith attempted to comply with the terms of the agreementplan but need more time to accomplish their assigned tasks and believes the parents will accomplish them; or, by clear and convincing proof, that the situation of the child is so extraordinary that the performance agree-mentcase plan should be extended, the court may extend the time limitation for the performance agreementplan or modify the terms of the agreementplan. No agreementplan shall be extended for a period longer than 6 months, except that the court may extend the agreementplan for 12 months if the child is 13 years of age or older. At the expiration of the extended agreementplan, the court shall again review the child’s status.
(5) When a child is returned to the natural parents, the court shall not terminate its jurisdiction over the child until 6 months after the return. Based on a report of the department and any other relevant factors, the court shall then determine whether the jurisdiction should be continued or terminated; if its jurisdiction is to be terminated, it shall enter an order to that effect.
(6) When a child has not been returned to the natural parent, but has been permanently committed to the department or to a licensed child-placing agency willing to receive the child for subsequent adoption, the court shall continue to hold judicial review hearings on the status of the child at least annually. Such hearings shall be held in accordance with these rules.
(7) The court shall enter a written order upon the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, and a determination of the future course of the proceedings.
(f) Administrative Review. The department may, pursuant to formal agreement with the court in particular cases, conduct administrative reviews instead of judicial reviews for children in foster care. Notice must be provided to all parties. An administrative review may not be substituted for the first judicial review. Any party may petition the court for a judicial review as provided by law.
Committee Notes
1991 Adoption. The rule allows for certain forms of relief pertinent to foster care review. It allows the court to order commencement of a termination of parental rights proceeding if the parents are not in compliance. The court also is permitted to extend or modify the plan.